IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE A.M., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:22-CV-2829-BK |
| § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
|     DEFENDANT. § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636 and the parties' consent to proceed before the undersigned United States magistrate judge, Doc. 15, the Court now considers this appeal of the denial of Plaintiff's application for Social Security disability benefits. For the reasons that follow, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this opinion.

## I. BACKGROUND

### A. *Procedural History*

Plaintiff seeks judicial review of a final decision of the Commissioner denying her claim for supplemental security income under the Social Security Act (the "Act"). Doc. 1, *passim*. Plaintiff filed her application for benefits in April 2020, alleging her disability commenced on that date due to neck problems, depression, insomnia, migraines, tardive dyskinesia, brain damage, and anxiety. Doc. 10-1 at 75. Her application was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g).

### B. Factual Background

Plaintiff was 58 years old when she filed her application for benefits. Doc. 10-1 at 32. She has a high school education and was briefly employed as a daycare teacher in 2007. Doc. 10-1 at 32, 258. In terms of her relevant medical history, Plaintiff has received ongoing treatment for anxiety, post-traumatic stress disorder ("PTSD"), depression, and insomnia. *See, e.g.*, Doc. 10-1 at 454-55, 472, 476-78, 519, 560, 791. In September 2020 and January 2021, respectively, two state agency medical consultants ("SAMCs") opined there was insufficient evidence to evaluate Plaintiff's claim because she had not cooperated in developing the record despite requests for additional information. Doc. 10-1 at 78-79, 85-86; *see also* Doc. 10-1 at 27 ("The claimant did not pen a Function Report, so there are no reports of difficulties with personal care, household duties, and general activities of daily living . . . .").

Plaintiff also complained of knee problems, commencing in June 2021, and persisting even after she had arthroscopic surgery on her left knee two months later. Doc. 10-1 at 421, 432-33, 631-32, 769-70, 818-19. Plaintiff ultimately underwent a total left knee replacement in November 2021, although she continued to experience pain for some time thereafter. Doc. 10-1 at 60-61, 81; Doc. 10-1 at 678-79, 769. By February 2022, however, Plaintiff reported that she maintained activity without difficulty and was "doing pretty well." Doc. 10-1 at 818.

### C. The ALJ's Findings

In March 2022, the ALJ issued a decision finding that Plaintiff has the severe impairments of (1) status post-left total knee arthroscopy; (2) obesity; (3) major depressive disorder; (4) anxiety disorder; (5) post-traumatic stress disorder ("PTSD"); (6) insomnia; and (7) mild cognitive impairment. Doc. 10-1 at 23. After rejecting the SAMCs opinions as unpersuasive and noting there were no medical source statements in the record, the ALJ

2

considered the remaining evidence and determined Plaintiff had the residual functional capacity ("RFC") to perform a limited range of medium work.¹ Doc. 10-1 at 27-28. Although Plaintiff had no past relevant work of record, the ALJ concluded she could perform other work available in the national economy and was thus not disabled. Doc. 10-1 at 31-32, 34.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner considers (1) whether the claimant is engaged in substantial gainful activity; (2) the severity and duration of the claimant's impairments; (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations; (4) whether the claimant can still do her past relevant work; and (5) whether the impairment prevents the claimant from doing any other available work. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden on the first four steps. *Id.* (citation omitted). Thereafter, the burden shifts to the Commissioner to "prove the claimant's employability." *Id.* (citation omitted).

The Court's review "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal

---

¹ Specifically, the ALJ found that Plaintiff could (1) lift/carry 50 pounds occasionally and 25 pounds frequently; (2) sit/stand/walk for about six hours in an eight-hour workday; (3) occasionally kneel/crouch/crawl/climb; (4) understand, remember, and carry out simple instructions; (5) perform routine tasks and make simple work-related decisions; (6) have some degree of contact with the public and co-workers; and (7) respond appropriately to changes in a routine work environment. Doc. 10-1 at 27-28.

standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (quotation marks and citation omitted). The Court cannot "reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* A finding that substantial evidence does not exist "is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (citation omitted).

### III. ANALYSIS

Plaintiff argues the ALJ failed to properly develop the record and based the RFC assessment on her own lay interpretation of the medical evidence instead of a treating source's or consultative examiner's opinion. Doc. 19 at 12-15, 17-18. Plaintiff maintains the error was prejudicial in light of her age, education, and lack of past relevant work, because a finding of disability would be directed under the Medical-Vocational Guidelines if Plaintiff's physical and mental symptoms precluded her from performing medium work. Doc. 19 at 15, 18.

Defendant responds that the ALJ properly interpreted the medical evidence in determining Plaintiff's capacity to work and was not required to derive the RFC assessment directly from a medical opinion. Doc. 20 at 6-10. Defendant further asserts that substantial evidence supports the ALJ's determination that Plaintiff can maintain gainful employment. Doc. 20 at 10.

The RFC is an ALJ's assessment, based on all relevant evidence, of a claimant's ability to work, despite her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). Stated differently, it is the most a claimant can do, notwithstanding her physical and mental limitations. *Id.* The RFC determination is a combined "medical assessment of an applicant's impairments with

4

descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hollis v. Bowen*, 837 F. 2d 1378, 1386-87 (5th Cir. 1988) (per curiam). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam) (quoting SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996)). The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (holding that the RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the evidence). In making that assessment, the ALJ considers not only medical opinions but all of the relevant medical and other evidence. 20 C.F.R. §§ 404.1513(a), 416.945(a)(3).

Under the current regulations, ALJs do "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Nor must an ALJ's RFC finding "mirror or match a medical opinion." *Robert D.D. v. Kijakazi*, No. 3:21-CV-3164-C-BN, 2022 WL 16935248, at *4 (N.D. Tex. Oct. 31, 2022) (Horan, J.) (quoting *Carson v. Comm'r of Soc. Sec.*, 2022 WL 2525438, at *7 (E.D. Tex. May 25, 2022)), *adopted by*, 2022 WL 16927799 (N.D. Tex. Nov. 14, 2022) (Cummings, J.). In the absence of a medical statement addressing a claimant's ability to perform work-related duties, the inquiry focuses on whether the ALJ's decision "is supported by substantial evidence in the existing record." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

Nevertheless, the ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003); *see also Williams v. Astrue*, 355 Fed. Appx. 828, 832 n.6 (5th Cir. 2009)

5

("[A]n ALJ may not – without opinions from medical experts – derive the applicant's [RFC] based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions.") (citing *Ripley*, 67 F.3d at 557). Thus, ALJs "must be careful not to succumb to the temptation to play doctor" because "[c]ommon sense can mislead" and "lay intuitions about medical phenomena are often wrong." *Frank*, 326 F.3d at 622 (quotation and citation omitted).

In *Ripley*, the record included "a vast amount of medical evidence establishing that [the claimant] ha[d] a problem with his back," but it did "not clearly establish" what effect that "condition had on his ability to work." 67 F.3d at 557. In short, there were no reports from the claimant's treating source regarding the claimant's ability to work, and the only evidence thereof was the claimant's own testimony. *Id.* Because the effects of the claimant's condition could not be determined absent a medical source report—regardless of how little said effects may impact his ability to work—the court held that substantial evidence did not support the RFC determination. *Id.* at 558 n.27.

Here, the ALJ found the SAMCs' opinions had "only limited probative value" and were "thus not persuasive because the totality of the evidence of record is suggestive of functional limitations that are more consistent with, and supported by such evidence." Doc. 10-1 at 32. In addressing the evidence, the ALJ noted Plaintiff's PTSD diagnosis and mild cognitive impairment but observed she exhibited normal memory, fluent speech, linear thought processes, normal thought content and fair judgment, and she was fully oriented with no suicidal or homicidal ideation. Doc. 10-1 at 29-30. With respect to her left knee, the ALJ considered medical evidence indicating that after her surgeries, Plaintiff exhibited a good range of motion and no joint instability. Doc. 10-1 at 30. Finally, the ALJ found support for the RFC

6

determination in Plaintiff's daily activities which included household chores and the ability to take care of her personal needs and prepare some meals with assistance.  Doc. 10-1 at 29; Doc. 10-1 at 778-79.  In sum, the ALJ concluded that "[t]he medical record clearly notes that the claimant's left knee has improved over time from a functional standpoint [and] her general mental status has remained quite stable as well."  Doc. 10-1 at 30.

In undertaking this analysis, however, the ALJ relied on evidence that merely describes Plaintiff's conditions rather than demonstrating her ability to work despite those impairments. *See, e.g.*, *Jim S. v. Saul*, No. 3:18-CV-2179-BH, 2019 WL 4694943, at *9 (N.D. Tex. Sept. 25, 2019) (Ramirez, J.) (reversing where the SAMCs opined there was insufficient evidence to evaluate the claimant's impairments, and the ALJ relied on medical records to assess the claimant's RFC without identifying any medical opinions that were the source of the imposed limitations); *Turner v. Colvin*, No. 3:13-CV-1458-B, 2014 WL 4555657, at *5 (N.D. Tex. Sept. 12, 2014) (Boyle, J.) ("[E]vidence which merely describes Plaintiff's medical conditions is insufficient to support the ALJ's RFC determination.").

In this case, the ALJ determined that certain limitations on Plaintiff's ability to perform medium work were warranted but the record is devoid of any medical expert opinion from a treating, examining, or consulting source on what those specific limitations should be.  The ALJ crafted Plaintiff's RFC assessment based on her own determination of the work limitations Plaintiff's impairments required—solely by looking to Plaintiff's testimony and "history of surgery, medical examinations, and complaints of pain," which is impermissible.  *Ripley*, 67 F.3d at 557; *see also Cary G. T. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-1948-bk, 2022 WL 954341, at *3 (N.D. Tex. Mar. 29, 2022) (Toliver, J.) (concluding there was no foundation for

7

the RFC assessment where no treating, examining, or consulting medical source reviewed the impact of the claimant's conditions on his ability to work).

Nevertheless, "[p]rocedural perfection in administrative proceedings is not required" and the court will not reverse and ALJ's decision unless the claimant's substantial rights have been affected.  *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (internal quotation marks omitted).  To establish prejudice, Plaintiff must show that the ALJ's failure to rely on a medical opinion as to the effects her impairments had on her ability to work casts doubt on the existence of substantial evidence supporting the disability determination.  *See McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).  Because the ALJ did not rely on any suitable medical evidence in determining Plaintiff's RFC, the error was necessarily prejudicial, and remand is warranted.  *See Jim S.*, 2019 WL 4694943, at *10 (citation omitted); *see also Ripley*, 67 F.3d at 557-58.

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this opinion.

**SO ORDERED** on February 21, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8